**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROBERT MANCUCCI,

                              Plaintiff,

- v -                                       Civ. No. 1:17-CV-1255
                                                            (GLS/DJS)

KRISTOFER KINNEAR, *et al*.,

                              Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

ROBERT MANCUCCI
Plaintiff, *Pro Se*
17-A-0511
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a civil rights Complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Robert Mancucci, who is currently incarcerated at Franklin Correctional Facility in the custody of the Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1, Compl. Plaintiff has not paid the filing fee and has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 5, IFP App.

### I. IFP APPLICATION

      Turning first to Plaintiff's IFP application, after reviewing the information provided therein, the Court finds that he has demonstrated sufficient economic need. Furthermore, Plaintiff has filed the Inmate Authorization Form required in this District. Dkt. No. 3. Accordingly, Plaintiff may

properly proceed with this matter IFP and his Motion is **granted**.

## II.  INITIAL REVIEW

### A.  Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* at § 1915A(a) & (b).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action IFP.

In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Summary of the Complaint

In his Complaint, Plaintiff alleges that on May 15, 2016, New York State police arrived at his sister's house in Schaghticoke, New York looking for him in order to question him regarding a stolen hand gun. Compl. at p. 5.[1] The officers searched the house for two and a half hours without finding Plaintiff, and then left. *Id.* The officers returned one hour later, and after searching for another hour, they located Plaintiff under the porch. *Id.* As Plaintiff was crawling out from under the porch, one of the officers, John Doe #1, grabbed Plaintiff by his neck and arm and dragged him fifteen to twenty feet into the yard. *Id.* The three officers—all John Doe Defendants—then began jumping on top of Plaintiff and punching him on his head, neck, and back as he was handcuffed.

---

[1] Plaintiff utilized this District's *pro forma* complaint form for actions brought pursuant to 42 U.S.C. § 1983. Because much of the Complaint consists of an attached narrative of the alleged facts, when citing to the Complaint, the Court will cite to the page numbers automatically assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

*Id.* The John Doe Defendants eventually stopped assaulting Plaintiff when his cousin started recording the incident. *Id.*

Plaintiff was then taken to the officers' vehicle where he was interrogated. During the interrogation, which lasted approximately one half hour, John Doe #2 repeatedly punched Plaintiff in the ribs, chest, and stomach as he demanded to know where the gun was. *Id.* Plaintiff denied knowledge of the gun and was finally taken to the trooper barracks in Brunswick, New York. *Id.* Throughout the car ride to the barracks the Doe Defendants warned Plaintiff not to mention the assault, and threatened that they would "get" him if he did say anything. *Id.* at p. 6. Plaintiff claims that they also said that they would arrest his sister and get Child Protective Services to take away her children. *Id.* Plaintiff states that he suffered "severe panic attacks" due to the assault and was prescribed anti-depressants while he was held in county jail. *Id.*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 "for 'the deprivation of [his] rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)). Plaintiff asserts claims for (1) excessive force under the Eighth Amendment and (2) deliberate indifference to medical needs under the Eighth Amendment. *Id.* at p. 7. He names Kristofer Kinnear and John Does ## 1-3 as Defendants.

### C. Analysis

In order to state an Eighth Amendment deliberate medical indifference claim, a prisoner must demonstrate (1) a serious medical need and (2) deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994). Plaintiff fails to state a deliberate indifference claim in the first place

because he does not allege that any of the John Doe Defendants had any role in providing him medical care while he was held in county jail. Plaintiff's deliberate indifference claim fails for the additional reason that he does not make any allegations plausibly suggesting that he suffered from an objectively serious deprivation of care or that any individual acted with deliberate indifference towards his medical needs. Accordingly, to the extent the Complaint states a claim for deliberate medical indifference, the Court recommends that such claim be **dismissed**.

Next, the Court notes that the Complaint contains no allegations against Defendant Kinnear. "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." *Cipriani v. Buffardi*, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citation omitted); *see also Casino v. Rohl*, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (holding that plaintiff had not adequately pled personal involvement of a defendant who was nowhere mentioned or referenced in the body of the amended complaint). Accordingly, the Court recommends that Defendant Kinnear be **dismissed** from this action.

As to Plaintiff's excessive force claim against the John Doe Defendants, mindful of the requirement to liberally construe *pro se* pleadings, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that Plaintiff's Complaint alleges enough to warrant a response. The Court therefore recommends that Plaintiff's excessive force claim be allowed to proceed.

### III. SERVICE OF PROCESS

The Court notes that if the above recommendations are adopted, the remaining Defendants to this action will be the three John Doe Defendants, all New York State troopers. The U.S. Marshals, however, cannot effect service on a "John Doe" defendant. The Second Circuit has

instructed that district courts should assist incarcerated *pro se* plaintiffs in identifying John Doe defendants. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (explaining that a "district court may pursue any course that it deems appropriate to a further inquiry into the identity" of a John Doe defendant in assisting a *pro se* plaintiff). In this case, Plaintiff has identified the date and location of the alleged incident.

The Court therefore recommends that if the District Court adopts the above recommendations, it order the U.S. Marshal to serve a copy of the Complaint and this Report-Recommendation and Order on Superintendent George P. Beach II of the New York State Police. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997), the Court requests that the Superintendent attempt to ascertain the full names of the John Doe Defendants that were on duty at the place and date identified by Plaintiff in his Complaint. The Superintendent is also requested, to the extent that he is able to identify some or all of the John Doe Defendants, to provide the addresses where those Defendants so identified can currently be served.

The Court recommends that the Superintendent be requested to produce the information specified above, to the extent that it can, regarding the identities of the John Doe Defendants within **thirty days** of the District Court's decision on this Report-Recommendation and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Report-Recommendation and Order, as well as to Plaintiff at his address of record. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names of the John Doe Defendants identified, the Clerk shall edit the Docket Report accordingly, and issue Summonses and forward them, along with copies of the Complaint, to the United States Marshal for service upon the newly identified Defendants.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 5) is **GRANTED**; and it is further

**RECOMMENDED**, that Plaintiff's Eighth Amendment deliberate medical indifference claim be **DISMISSED**; and it is further

**RECOMMENDED**, that Defendant Kinnear be **DISMISSED** from this action; and it is further

**RECOMMENDED**, that Plaintiff's Eighth Amendment excessive force claim be allowed to proceed against John Does ##1-3; and it is further

**RECOMMENDED**, that if the above recommendations are adopted, that the U.S. Marshal be ordered to serve a copy of the Complaint and this Report-Recommendation and Order on Superintendent George P. Beach II of the New York State Police. The Superintendent shall, to the extent possible, produce the information specified above regarding the identities of the John Doe Defendants to the Court within **thirty days** of the District Court's decision on this Report-Recommendation and Order. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names of the John Doe Defendants identified, Summonses shall be issued and the Court shall direct service on those newly identified Defendants; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  December 18, 2017
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).