UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT MANCUCCI,

                              **Plaintiff,**

               **v.**

DAVID A. PATERNIANI et al.,

                          **Defendants.**

_____

**1:17-cv-1255
(GLS/DJS)**

## SUMMARY ORDER

Plaintiff *pro se* Robert Mancucci commenced this action against

defendants David A. Paterniani, Frank K. Adams, and Jarrod R. Bowman,

New York State Police (NYSP) Troopers, alleging an excessive force claim.

(Compl., Dkt. No. 1.)  Now pending is defendants' motion for summary

judgment.  (Dkt. No. 58.)  For the reasons that follow, defendants' motion is

denied.

## I.  Background

On May 16, 2020, defendants went to Mancucci's sister's home in

Schaghticoke, New York to question him regarding a stolen firearm.  (Defs.'

Statement of Material Facts (SMF) ¶ 2, Dkt. No. 58, Attach. 5.)  After an

extensive search of the property, Mancucci was found under the home's

porch.  (*Id.* ¶¶ 3-4.)  Mancucci alleges that defendants dragged him out

from under the porch, and repeatedly struck him in the head, neck, back, stomach, and ribs before and after he was handcuffed.  (*Id.* ¶¶ 5-8.)  He also alleges that defendants told him that they would "get" him if he told anybody about the assault.  (*Id.* ¶ 10.)

Mancucci initially brought claims of excessive force and deliberate indifference to medical needs against NYSP Trooper Kristofer Kinnear and three unidentified troopers.  (Compl.)  His deliberate indifference to medical needs claim and both of his claims against Kinnear were dismissed upon initial review.  (Dkt. Nos. 7, 8.)  Notably, in maintaining the excessive force claim, the court improperly characterized it as an Eighth Amendment claim. (*Id.*)  The court then ordered the superintendent of NYSP to provide the identities of the John Doe defendants, (Dkt. No. 8), and he identified defendants shortly thereafter, (Dkt. No. 10).  Mancucci's complaint was then deemed amended to replace the three John Does with Paterniani, Adams, and Bowman.  (Dkt. No. 11.)

After a lengthy discovery process, defendants moved for summary judgment, (Dkt. No. 58), which motion is currently pending.

## II.  **Discussion**

Defendants move for summary judgment, arguing that judgment should be entered for them on Mancucci's excessive force claim, the sole remaining claim, on the following four grounds: (1) failure to prosecute pursuant to Fed. R. Civ. P. 41(b), (2) Mancucci's claim is a Fourth Amendment claim; not an Eighth Amendment claim, (3) the complaint lacks sufficient allegations of personal involvement with respect to defendants, and (4) qualified immunity applies.  (Dkt. No. 58, Attach. 1 at 3-8.) Defendants' four grounds for summary judgment are wholly unpersuasive and inadequate to meet their initial burden of establishing their entitlement to judgment as a matter of law.  *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 115 (2d Cir. 2017) ("[W]hen a defendant moves for summary judgment, it is the defendant who must show entitlement to judgment." (emphasis omitted)).  Accordingly, their motion must be denied.

First, defendants argue that the complaint should be dismissed based on Mancucci's failure to prosecute.  (*Id.* at 3-4.)  "[D]ismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir.

2004) (internal quotation marks and citation omitted).  To determine

whether dismissal for failure to prosecute is appropriate, the court must

consider the following five factors articulated in *Drake*: whether

(1) "plaintiff's failure to prosecute caused a delay of significant duration"; (2)

"plaintiff was given notice that further delay would result in dismissal"; (3)

"defendant [would] likely . . . be prejudiced by further delay"; (4) "the need

to alleviate court calendar congestion" outweighs "plaintiff's right to an

opportunity for a day in court"; and (5) lesser sanctions would be

insufficient.  *Id.* (citations omitted).

Defendants argue that the complaint should be dismissed for failure

to prosecute because Mancucci did not apprise the court of his change of

address when he was released from DOCCS custody in May 2020.  (Dkt.

No. 58, Attach. 1 at 3-4.)  However, defendants do not advance any

argument as to whether and how the relevant factors weigh in favor of

dismissing the case.  (*Id.*)  Nor can they.  The docket entries that were

returned as undeliverable were defendants' requests for extensions of time

to file their motion for summary judgment, and the motion itself, (Dkt. Nos.

54, 57, 61), to which Mancucci timely responded, (Dkt. No. 64).  To be

sure, Mancucci filed a change of address shortly after defendants filed the

4

pending motion.  (Dkt. No. 63.)  Under these circumstances, Mancucci has

not caused any delay in the litigation, and defendants have not suffered

any prejudice.  Accordingly, the relevant factors weigh in Mancucci's favor,

and this ground for summary judgment is rejected.

Next, defendants apparently argue that Mancucci's claim should be

dismissed because it has been characterized by the court as an Eighth

Amendment claim, and not as a Fourth Amendment claim.  (Dkt. No. 58,

Attach. 1 at 4-5.)  Defendants are correct that Mancucci's claim sounds in

the Fourth Amendment, as that is the Amendment that prohibits the use of

excessive force by a police officer in the course of an arrest.  *See Penree*

*v. City of Utica*, No. 6:13-cv-1323, 2016 WL 915252, at *8 (N.D.N.Y. Mar.

4, 2016) ("The Fourth Amendment's prohibitions against unreasonable

seizures applies equally to how an arrest is carried out, and, therefore, *all*

claims that law enforcement officers have used excessive force . . . in the

course of an arrest . . . should be analyzed under the Fourth Amendment."

(internal quotation marks and citation omitted)).

However, it is unclear why the court's inaccurate characterization of

Mancucci's claim should be grounds for summary judgment.  As argued by

Mancucci, (Dkt. No. 64 at 1-2), he did not include any amendment in his

5

complaint with respect to his excessive force claim, and it was the court

that characterized it as an Eighth Amendment claim, (Compl.; Dkt. Nos. 7,

8).  Defendants do not explain why the excessive force claim should be

dismissed on the merits.  (*See generally* Dkt. No. 58, Attach. 1.)  Rather,

they rely on semantics and the characterization that the court made three

years ago.  (*Id.*)  Summary judgment on that basis is untenable, especially

given Mancucci's *pro se* status, and the court's corresponding duty to read

his complaint liberally to have alleged the strongest claim that it suggests.

*See Jackson v. Bertone*, No. 9:20-CV-1092, 2020 WL 6385066, at *2

(N.D.N.Y. Oct. 30, 2020) ("In reviewing a pro se complaint, the court has a

duty to show liberality toward pro se litigants." (citation omitted)).

Accordingly, this ground for summary judgment is rejected as well.

Third, defendants argue that they are entitled to summary judgment

because Mancucci has not set forth sufficient allegations to establish their

personal involvement in the events giving rise to this litigation.  (Dkt.

No. 58, Attach. 1 at 5-7.)  It is well settled that personal involvement of

defendants in the alleged constitutional deprivation is a prerequisite to a

finding of liability.  *See Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016).

Defendants argue that, because Mancucci testified at his deposition that

6

there were ten officers from NYSP and the Rensselaer County Sheriff's Office on scene at his sister's home, and because he could not recall which of those officers assaulted him, Mancucci has not set forth sufficient allegations of personal involvement.  (Dkt. No. 58, Attach. 1 at 5-7.)  This argument is unavailing.

As argued by Mancucci, (Dkt. No. 64 at 3), he stated in his complaint that the people who assaulted him were members of NYSP, (Compl. at 2-3), who are easily distinguishable by uniform and vehicle from any other police agency.  Mancucci did not know the identities of the troopers who allegedly assaulted him, (*id.*), and, thus, the court ordered NYSP's superintendent to identify them, (Dkt. No. 8).  The superintendent identified defendants, (Dkt. No. 10), and the John Does in the complaint were replaced with defendants, effectively making all allegations in the complaint against the John Does allegations against Paterniani, Adams, and Bowman.  Accordingly, defendants have not met their initial burden on summary judgment of showing that there is no genuine issue of material fact as to whether Mancucci set forth sufficient allegations of personal involvement, and this ground for judgment is without merit.

Finally, defendants argue that summary judgment is appropriate

because the doctrine of qualified immunity bars Mancucci's claim.  (Dkt. No. 58, Attach. 1 at 7-8.)  Qualified immunity shields government employees from liability in two circumstances: "(1) their conduct did not violate clearly established rights of which a reasonable person would have known, or (2) it was objectively reasonable to believe that their acts did not violate these clearly established rights."  *See Cornejo v. Bell*, 592 F.3d 121, 128 (2d Cir. 2010) (internal quotation marks, alterations, and citations omitted).

Defendants' argument with respect to qualified immunity is entirely conclusory.  (Dkt. No. 58, Attach. 1 at 7-8.)  Indeed, they merely parrot the doctrine's elements, and assert, without any supporting facts, that they reasonably believed their actions were reasonable and did not violate Mancucci's constitutional rights.  (*Id.*)  Notably, defendants do not explain the basis upon which they believed their actions were reasonable.  (*See generally* Dkt. No. 58, Attach. 1.)  In fact, defendants do not offer an alternative version of Mancucci's factual assertions, which are that he was needlessly dragged and beaten before and after he was handcuffed.  (*See generally* Dkt. No. 58; Compl.)  Without the benefit of an alternative set of facts, Mancucci's version is all that the court has before it, and, on those

facts, qualified immunity cannot apply.

Accordingly, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt.

No. 58) is **DENIED**; and it is further

**ORDERED** that the following claim remains against defendants: a

Fourth Amendment excessive force claim; and it is further

**ORDERED** that this case is now deemed trial ready and a trial

scheduling order will be issued in due course; and it is further

**ORDERED** that the clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

February 3, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

9