**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

ROBERT MANCUCCI,

                                        Plaintiff,

          vs.                                                    1:17-CV-01255
                                                                    (MAD/DJS)
DAVID A. PATERNIANI, et al.,

                                        Defendants.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **SEYFARTH SHAW LLP** | **JACOB F. OSLICK, ESQ.** |
| 620 8th Avenue - 32nd Floor | **JOSEPH M. VENTO, ESQ.** |
| New York, NY 10018 | **ROBERT S. WHITMAN, ESQ.** |
| Attorneys for Plaintiff | **AMANDA M. WILLIAMS, ESQ.** |
| | |
| **OFFICE OF THE NEW YORK** | **JENNIFER J. CORCORAN, AAG** |
| **STATE ATTORNEY GENERAL** | **BRIAN W. MATULA, AAG** |
| The Capitol | **JAMES D. TAYLOR, AAG** |
| Albany, NY 12224 | |
| Attorneys for Defendants | |

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff brings this action, asserting a claim, pursuant to 42 U.S.C. § 1983, for excessive

force, in violation of the Fourth Amendment to the United States Constitution, against Defendants

David A. Paterniani, Frank K. Adams, and Jarrod R. Bowman, New York State Police Troopers

(collectively, "Defendants"). *See* Dkt. No. 1.

Trial is scheduled to commence on January 27, 2025. In advance of trial, Plaintiff and

Defendants have moved *in limine* to admit and/or preclude certain evidence. *See* Dkt. Nos. 115,

1

123, 125.  Plaintiff seeks to preclude the following evidence: (1) "Plaintiff's criminal convictions, criminal conduct, or other 'bad acts,' other than information limited to the events that precipitated his arrest on May 15, 2016"; (2) "evidence regarding any acts or conduct that was unknown to [Defendants] at the time of Plaintiff's arrest on May 15, 2016"; and (3) "any evidence, such as any 'supporting deposition,' that was produced to the undersigned only in heavily redacted form, including by not identifying the purported deponents/witnesses."  Dkt. No. 123-1 at 1.  And Defendants seek the following relief: (1) "that the Defendant be allowed to inquire on cross-examination as to the essential facts of the Plaintiff's criminal conviction on cross-examination, including the statutory name of the offense, the date of conviction, and the overall sentence imposed"; (2) "that Plaintiff be precluded from introducing evidence regarding indemnity"; and (3) "that Plaintiff be precluded from requesting a specific dollar amount from the jury."  Dkt. No. 125 at 3.  Plaintiff and Defendants responded in opposition to the *in limine* motions.  *See* Dkt. Nos. 126, 127.

On January 22, 2025, following the pre-trial conference on January 21, 2025, Defendants submitted a letter supplementing their motions *in limine* by identifying which of Plaintiff's convictions Defendants wish deemed admissible.  *See* Dkt. No. 129.  Plaintiff opposed Defendants' supplemental letter motion.  *See* Dkt. No. 131.  As set forth below, the motions are granted in part and denied in part.

### III. DISCUSSION

**A.    Motions *in Limine***

A motion *in limine* enables the Court to make an advance ruling on the admissibility of certain anticipated trial evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).  "A court should exclude evidence on a

motion *in limine* only when the evidence is clearly inadmissible on all potential grounds."
*Coleman v. Durkin*, 585 F. Supp. 3d 208, 212 (N.D.N.Y. 2022).  Generally, all "[r]elevant
evidence is admissible" unless otherwise provided by an Act of Congress, the United States
Constitution, or the Federal Rules of Evidence.  Fed. R. Evid. 402.  For instance, Rule 403 grants
"the trial court broad discretion to exclude even relevant evidence if its probative value is
substantially outweighed by the danger of confusion of the issues or if it would be needlessly
cumulative."  *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1193 (2d Cir. 1989)
(citing Fed. R. Evid. 403; *United States v. Carter*, 801 F.2d 78, 83 (2d Cir. 1986); *United States
Martinez*, 775 F.2d 31, 37 (2d Cir. 1985)).  Courts considering motions *in limine* may reserve
decision until trial so that the motion is placed in the appropriate factual context.  *See Nat'l Union
Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).  The Court is also
"free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as
"the case unfolds, particularly if the actual testimony differs from what was contained in the
[movant's] proffer."  *Luce*, 469 U.S. at 41-42.

### 1.  *Plaintiff's Prior Convictions*

Plaintiff seeks the preclusion of evidence of his prior criminal convictions, criminal
conduct, and other bad acts,[1] arguing that such evidence is unduly prejudicial.  *See* Dkt. No. 123-1
at 1-3.  On the other hand, Defendants seek to introduce, on cross-examination, evidence
regarding the "essential facts" of Plaintiff's prior felony convictions, "including the statutory
names of the offenses, the dates of conviction, and the overall sentence imposed," for the purpose
of impeachment.  Dkt. No. 125 at 4-7.  Defendants argue that the probative value of the names of

---

[1]  The Court addressed Plaintiff's concerns regarding prior bad acts during the January 21, 2025,
pre-trial conference.  The issue is moot, as Defendants do not intend to introduce such evidence.

the felony convictions, the dates of conviction, and the overall sentence imposed is not

outweighed by their prejudicial effect.  *See id.*

      Federal Rule of Evidence 609 vests broad discretion in the district court to admit or

exclude evidence of prior convictions.  *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir.

1984).  Rule 609 provides that

> (a) In General.  The following rules apply to attacking a witness's
> character for truthfulness by evidence of a criminal conviction:
>
>> (1) for a crime that, in the convicting jurisdiction, was
>> punishable by death or by imprisonment for more than one
>> year, the evidence:
>>
>>> (A) must be admitted, subject to Rule 403, in a civil
>>> case or in a criminal case in which the witness is not
>>> a defendant; and
>>>
>>> (B) must be admitted in a criminal case in which the
>>> witness is a defendant, if the probative value of the
>>> evidence outweighs its prejudicial effect to that
>>> defendant; and
>>
>> (2) for any crime regardless of the punishment, the evidence
>> must be admitted if the court can readily determine that
>> establishing the elements of the crime required proving--or
>> the witness's admitting--a dishonest act or false statement.
>
> (b) Limit on Using the Evidence After 10 Years. This subdivision
> (b) applies if more than 10 years have passed since the witness's
> conviction or release from confinement for it, whichever is later.
> Evidence of the conviction is admissible only if:
>
>> (1) its probative value, supported by specific facts and
>> circumstances, substantially outweighs its prejudicial effect;
>> and
>>
>> (2) the proponent gives an adverse party reasonable written
>> notice of the intent to use it so that the party has a fair
>> opportunity to contest its use.

Fed. R. Evid 609.  Moreover, Rule 609(a)

> requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

*United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted).  In "balancing probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing, *inter alia*, *United States. v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)).  "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of *veracity*.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations in original).

As to the first balancing factor, although Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness' propensity to testify truthfully, all felonies are not equally probative of credibility. *See Estrada*, 430 F.3d at 617-18.  "[C]rimes of violence" rank low "on the scale of probative worth on credibility[.]" *Id.* at 618; *see also Thomas v. Leifeld*, No. 9:13-CV-321, 2018 WL 3387690, *2 (N.D.N.Y. July 12, 2018) ("[The p]laintiff's convictions for Rape in the First Degree, Attempted Rape in the First Degree, Sexual Abuse in the First Degree, Sexual Abuse in the Second Degree, and Assault in the Second Degree are not particularly probative as to honesty and veracity").  "[C]rimes that involve evasions of responsibility or abuse of trust" tend to be "high on the scale" of "veracity-related crimes[.]" *Estrada*, 430 F.3d at 618.

"However, Rule 609(b) contains a time limitation on the admissibility of prior criminal convictions for impeachment purposes [under either Rule 609(a)(1) or (a)(2) ]." *Robinson v. Troyan*, No. CV 07–4846, 2011 WL 5416324, *2 (E.D.N.Y. Nov. 8, 2011). "Criminal convictions more than ten years old are not admissible for impeachment unless the court determines that, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect." *Daniels*, 986 F. Supp. at 249 (citing Fed. R. Evid. 609(b)). "[W]hen convictions more than ten years old are sought to be introduced into evidence pursuant to Rule 609(b) the district judge should make an on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect." *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978). "Under Rule 609(b), 'convictions over 10 years old [should] be admitted very rarely and only in exceptional circumstances,' as 'convictions over ten years old generally do not have much probative value.'" *Brown*, 606 F. Supp. 2d at 313 (quoting Fed. R. Evid. 609(b), Advisory Committee's Note) (alteration in original).

If a court finds evidence of a prior conviction to be admissible for purposes of impeachment, the impeaching party "'is generally limited to establishing the bare [or essential] facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence.'" *Id.* at 319 n.8 (quoting 4 Weinstein's Federal Evidence § 609.20[2] (2d ed. 2008)) (alteration in original); *see also Estrada*, 430 F.3d at 617 ("Rule 609(a)(1) thus contemplates that district courts will admit evidence of the nature of a witness's prior felony convictions, including the statutory name of the offense, the date of conviction, and the sentence imposed, subject to Rule 403"). "In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense[, and] a

trial court may also exclude evidence of the length of the sentence when its probative value is outweighed by its prejudicial effect." *Brown*, 606 F. Supp. 2d at 312 (citations omitted).

Defendants have provided the Court with a list of convictions that they wish deemed admissible: (1) a December 21, 2016, conviction for Attempted[2] Criminal Possession of a Weapon in the Second Degree,[3] a D Felony, for which Plaintiff was sentenced to three-and-one-half-to-five years of incarceration and five years post release supervision; (2) an October 24, 2022, conviction for Grand Larceny – Not Automobile – in the Fourth Degree, an E Felony for which Plaintiff was sentenced to two-to-four years; (3) a 2014 conviction for Burglary in the Third Degree, a D Felony, for which Plaintiff was incarcerated for nineteen months; and (4) a 2011 conviction for writing a bad check, a B Misdemeanor, for which Plaintiff was incarcerated for eight months.[4]  *See* Dkt. No. 129 at 1.  The first two convictions were identified by

---

[2]  Defendants refer to the 2016 conviction as "Criminal Possession of a Weapon in the [Second] Degree, a D Felony," however, Second-Degree Criminal Possession of a Weapon is a class C felony.  *See* Dkt. No. 129 at 1; N.Y. Penal Law § 265.03.  A review of the underlying crime and sentencing report, as well as the relevant statutes, reveals that the conviction is most likely for *attempted* second-degree Criminal Possession of a Weapon, as Second-Degree Criminal Possession of a Weapon is a class C felony, and the attempted commission of such offense reduces it to a class D felony.  *See* Dkt. No. 129-1 at 1; N.Y. Penal Law § 110.05 ("An attempt to commit a crime is a . . . "[c]lass D felony when the crime attempted is a class C felony").  As such, unless Defendants can provide the Court with another explanation for the classification of the 2016 conviction as a class D felony, the Court will presume such conviction was for *Attempted* Second-Degree Criminal Possession of a Weapon.

[3]  The parties agree that the 2016 conviction was for the arrest underlying this action.  *See* Dkt. No. 129 at 1; Dkt. No. 131 at 4.

[4]  In Defendants' original motions *in limine*, there are references to "the incidents of March 9, 2017," which resulted in "an Aggregated Minimum Sentence of 21 years and 5 months and an Aggregate Maximum Sentence of 25 years after conviction for Burglary of a Dwelling with a Deadly Weapon (B Felony), Attempted Burglary of a Dwelling with a Deadly Weapon (C Felony), and Criminal Mischief Second (D Felony)," along with additional misdemeanor convictions.  *See* Dkt. No. 115 at 5.  As Plaintiff notes, information about this supposed incident on March 9, 2017, were omitted from Defendants' "amended" motions *in limine*, ostensibly because such convictions were those of a different individual in a different matter recently

Defendants in crime and sentencing reports and Plaintiff testified about the third and fourth convictions during his October 19, 2019, Examination Before Trial. *See id.*

Plaintiff argues that the four convictions identified by Defendants should be precluded because Defendants' supplemental letter motion is untimely. *See* Dkt. No. 131 at 1-3. Additionally, Plaintiff argues that Defendants have not established the probative value of Plaintiff's convictions. *See id.* at 3-4.[5] Specifically, as to the 2016 and 2022 convictions, Plaintiff argues that such convictions are not sufficiently probative because they did not involve "planning, premeditation, or dishonesty." *Id.* at 4. With regard to the 2014 conviction, Plaintiff contends that Defendants have not made clear whether Plaintiff's release date falls within Rule 609's ten-year window. *See id.* And, as for the 2011 conviction, Plaintiff argues that such conviction is not a felony, occurred more than ten years ago and, as with the other convictions, Defendants have failed to show that the probative value of such conviction substantially outweighs its prejudicial effect. *See id.* at 4-5. Lastly, Plaintiff contends that "Defendants' attempt to admit Plaintiff's prior convictions cannot survive a [Rule] 403 analysis." *Id.* at 5-6.

The Court will embark on analysis of each of the four convictions individually, taking into consideration the parties' arguments.

### i. The 2016 Conviction

handled by the Office of the Attorney General. *See* Dkt. No. 127 at 1. Although Defendants removed references to misattributed convictions, the "amended" motion *in limine* does not replace such information with convictions actually attributable to Plaintiff. *See* Dkt. No. 125. At the pre-trial conference on January 21, 2025, Defendants were instructed to provide such information and they complied. *See* Dkt. No. 129.

[5] Plaintiff also argues that because the information regarding Plaintiff's convictions was shared only days before trial, that Defendants have not provided "reasonable notice" pursuant to Rule 609(b)(2). *See* Dkt. No. 131 at 5. As discussed further below, the Court will preclude the 2014 and 2011 convictions and, therefore, the reasonable notice requirement for convictions that are ten years or older is rendered irrelevant.

As for the 2016 conviction, Plaintiff was convicted of Attempted Second-Degree Criminal Possession of a Weapon as a result of his arrest that gave rise to this case. *See* Dkt. No. 129 at 1. The relevant statute for Second-Degree Criminal Possession of a Weapon does not require an element of a dishonest act or false statement to obtain a conviction. *See Rahman v. Lee*, No. 23-CV-5665, 2024 WL 4043697, *7 (S.D.N.Y. Sept. 4, 2024) (citing N.Y. Penal Law § 265.03).

However, Plaintiff's conviction for Attempted Second-Degree Criminal Possession of a Weapon is subject to Rule 609(a)(1)(A) because the crime was punishable by imprisonment for more than one year and because less than ten years have passed since Plaintiff's release from confinement, rendering Rule 609(b) inapplicable. Thus, Plaintiff's 2016 conviction must be admitted unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See Estrada*, 430 F.3d at 620-21. In other words, the 2016 conviction is presumptively probative of Plaintiff's veracity and "the essential facts of the conviction, including the nature or statutory name of [the] offense, its date, and the sentence imposed should be admitted as evidence, subject to balancing under Rule 403." *Rahman*, 2024 WL 4043697, at *10 (quotation and internal quotation marks omitted). As noted, "[w]hen conducting the Rule 403 balancing test incorporated into Rule 609(a)(1), 'courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness.'" *Ridge v. Davis*, 639 F. Supp. 3d 465, 473 (S.D.N.Y. 2022) (quotation omitted).

Here, considering the first factor, possession of a weapon is a "'crime[] of force'" that is "'not particularly probative of credibility for purposes of Rule 609.'" *Rahman*, 2024 WL 4043697,

at *10 (quoting *Olutosin v. Gunsett*, No. 14-cv-00685, 2019 WL 5616889, *9 (S.D.N.Y. Oct. 31, 2019)).  Considering the second factor, the conviction occurred approximately nine years ago, and, as such, it is still recent enough to bear upon Plaintiff's truthfulness.  *See* Fed. R. Evid. 609(b) (providing a framework limiting the admissibility of, *inter alia*, convictions more than ten years old).  "The third factor—the similarity between the past crimes and the conduct at issue— weighs against [the conviction's] admission since the jury may be swayed by sympathy for . . . Defendants if they knew that Plaintiff had been convicted of the crimes for which Defendants arrested him."  *Ridge*, 639 F. Supp. 3d at 474.  And fourth, because Plaintiff will be the primary fact witness on his own behalf, offering a description of the events in question, his credibility is especially important in this case.  *See id.* at 475; *Crenshaw v. Herbert*, 409 Fed. App'x 428, 431-32 (2d Cir. 2011) (finding no abuse of discretion in admitting evidence of a prior conviction in a § 1983 case because "[e]vidence of [the plaintiff's prior conviction] was probative of his veracity, . . . a central issue in [the] case because the jury was required to choose between two contradictory versions of the underlying incident") (internal citation omitted).

Thus, weighing the four factors, the Court finds that, although it is a close call, the balance falls in favor of admitting the 2016 conviction.  Accordingly, Defendants may cross-examine Plaintiff concerning his 2016 conviction for Attempted Second-Degree Criminal Possession of a Weapon for impeachment purposes.

Plaintiff argues that, in the event the 2016 conviction is admissible, Defendants should be limited to "asking Plaintiff if he received a felony conviction, for a non-violent felony, in connection with his possession of the gun that resulted in his May 15, 2016[,] arrest."  Dkt. No. 131 at 6.  Taking into consideration Plaintiff's argument, the Court will exercise its discretion and limit the evidence of the 2016 conviction to a reference that Plaintiff was convicted of a felony in

connection with his possession of the gun that resulted in his May 15, 2016 arrest; Defendants are precluded from introducing evidence regarding the statutory name of the offense because the prejudice of such evidence outweighs its probative value; however, the Court will not preclude reference to the length of Plaintiff's sentence as such evidence is not unduly prejudicial. *See Brown*, 606 F. Supp. 2d at 312; s*ee also Ridge*, 639 F. Supp. 3d at 475 (finding burglary conviction, which was a result of the plaintiff's arrest that gave rise to the excessive force claim before the court, was admissible for impeachment purposes).

Accordingly, the Court grants Defendants' motion *in limine* with respect to the 2016 conviction and denies Plaintiff's motion as to the same.

### ii. The 2022 Conviction

As for Plaintiff's 2022 conviction, he was purportedly convicted of Fourth-Degree Grand Larceny – Not Automobile. *See* Dkt. No. 129 at 1. There is no dispute that the 2022 conviction was punishable by more than one year of incarceration nor that the admissibility of such conviction is not limited by Rule 601(b), as it was a felony and more than ten years has not elapsed.

Balancing the probative value against prejudicial effect under the four Rule 609 factors, and considering Rule 403, the Court finds that the prejudice is outweighed by the probative value of allowing such evidence to be presented to the jury. First, the impeachment value of Plaintiff's conviction for Fourth-Degree Grand Larceny is somewhat limited. On the other hand, Plaintiff's conviction is not remote, as the crime occurred less than three years ago, and as noted, Plaintiff's credibility is a central issue in this case. As for the third factor, the crime of conviction bears some resemblance to the conduct at issue in this case—Plaintiff's arrest was related to a search for a stolen handgun that Defendants believed Plaintiff to be in the possession of. *See* Dkt. No. 112

11

at 3.  Balancing the factors, the Court finds that the probative value of the 2022 conviction is not outweighed by its prejudicial effect.

Accordingly, the Court grants Defendants' motion *in limine* with respect to the 2022 conviction and denies Plaintiff's motion as to the same.

### iii. The 2014 Conviction

Plaintiff testified that he was convicted of Burglary in the Third Degree in 2014.  *See* Dkt. No. 129-2 at 4:1-10.  It is unclear when Plaintiff was released from incarceration, however, he testified that he was sentenced to nineteen months, so, presumably, the limitations contemplated by Rule 609(b) do not apply because more than ten years has not passed since Plaintiff's release from confinement.  *See* Fed. R. Evid. 609(b) ("This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later").  But Defendants have failed to establish the date of Plaintiff's release.

"[C]rimes of stealth, such as burglary," do not require proving an element of a dishonest act or false statement and thus do not come within the ambit of Rule 609(a)(2).  *Hayes*, 553 F.2d at 827; *see also Doe v. Lima*, No. 14 Civ. 2953, 2020 WL 728813, *5 (S.D.N.Y. Feb. 13, 2020) (excluding the plaintiff's robbery convictions from evidence upon noting the "general rule in the Second Circuit that violent crimes of robbery, burglary and assault are not deemed to fall within the meaning of the phrase 'dishonest act or false statement'") (quoting *Ramsey-Nobles v. Keyser*, No. 16 Civ. 5778, 2020 WL 359901, *2 (S.D.N.Y. Jan. 22, 2020)).  However, the Second Circuit has implored district courts "to consider that Rule 609(a)(1) crimes, which do not bear directly on honesty such as to be automatically admissible under Rule 609(a)(2), may nonetheless be highly probative of credibility."  *Estrada*, 430 F.3d at 617.  The Second Circuit has also noted that "'crimes of stealth (e.g., smuggling, *burglary*), while not quite crimes of dishonesty or false

statement, do reflect lack of credibility and should be admitted unless significantly prejudicial' . . . [since they] bear on a witness' propensity to testify truthfully." *Id.* at 618-19, 621 (quotations omitted) (emphasis added).

Here, considering the first factor—the impeachment value of Plaintiff's Third-Degree Burglary conviction—the Court concludes that this particular conviction, as a crime of stealth, is probative of Plaintiff's veracity. *See id.* at 617-19; *Laureano v. City of New York*, No. 17-CV-181, 2021 WL 3272002, *9-*10, n.11 (S.D.N.Y. July 30, 2021) (classifying third-degree burglary under N.Y. Penal Law § 140.20 as a crime involving stealth). Defendants have not, however, provided the Court with information regarding the specific facts underlying Plaintiff's 2014 burglary conviction. *See Ridge*, 639 F. Supp. 3d at 474 (analyzing facts of guilty plea to determine whether third-degree burglary qualified as a crime of stealth). Nevertheless, "[s]ince crimes of stealth 'reflect lack of credibility,' *Estrada*, 430 F.3d at 617-19, and 'crimes that reflect on a person's integrity—such as those involving deceit, fraud and theft—bear on honesty' the impeachment value of Plaintiff's third-degree burglary conviction weighs in favor of its admission under Rule 609(a)(1)." *Ridge*, 639 F. Supp. 3d at 474.

The Court cannot analyze the second factor because Defendants have failed to provide the Court with the date that Plaintiff was released from the incarceration related to his 2014 conviction and, therefore, the Court does not know whether ten years has passed. *See* Dkt. No. 129. The third factor weighs against the admissibility of the 2014 conviction because the crime of conviction bears a close resemblance to the conduct at issue in this case. *See* Dkt. No. 112 at 3 (noting that Defendants were seeking to speak with Plaintiff regarding a stolen handgun, which led to Plaintiff's eventual arrest). Finally, as to the fourth factor, as noted above, Plaintiff's credibility is a central issue to this case. *See Somerville v. Saunders*, No. 9:11-CV-556, 2014 WL

272415, *10 (N.D.N.Y. Jan. 24, 2014) ("[W]here the credibility of a given witness is particularly important because there is little other documentary or supporting evidence and 'success at trial probably hinges entirely on [the witness's] credibility with the jury, the fourth factor weighs in favor of admission of the prior conviction") (quotation and internal quotation marks omitted) (alterations in original).

Nevertheless, the Court must further consider whether the probative value of these convictions is substantially outweighed by a danger of unfair prejudice they may cause. *See* Fed. R. Evid. 403. The Court finds that the 2014 conviction's limited probative value is diminished because, among other reasons, the convictions occurred approximately ten years ago. *See Shepherd v. Smith*, 9:15-cv-00665, 2019 WL 5212883, *7 (N.D.N.Y. Oct. 16, 2019) (holding that the minimal probative value of Plaintiff's disciplinary record for smuggling was diminished and substantially outweighed by the danger of unfair prejudice to Plaintiff because the conviction occurred sixteen years before trial). Moreover, having already found evidence of Plaintiff's 2016 and 2022 convictions admissible, the Court finds that the incremental probative value of the 2014 conviction, to impeach Plaintiff's character for truthfulness, does not substantially outweigh its prejudicial effect. *See Espinosa v. McCabe*, No. 9:10-cv-497, 2014 WL 988832, at *6 (N.D.N.Y. Mar. 12, 2014) (noting that the factor of "cumulative evidence militate[s] against admitting evidence of each of [the p]laintiff's felony convictions").

For these reasons, the Court precludes Defendants from testifying about or otherwise introducing evidence of Plaintiff's 2014 conviction.

### vi. The 2011 Conviction

Lastly, Plaintiff testified during his deposition that he was convicted of a misdemeanor in 2011 for writing "a bad check" and was incarcerated for eight months as a result. *See* Dkt. No.

14

129-2 at 4:11-15.  There is a strong argument that the 2011 conviction is "'peculiarly probative of credibility,'" due to its nature of crimen falsi, "'the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.'" *Daniels*, 986 F. Supp. at 249 (quoting *Hayes*, 553 F.2d at 827).  Be that as it may, such conviction was not a felony, which makes it inadmissible under Rule 601(a)(1), *see Daniels*, 986 F. Supp. At 249, and, even if rule 609(a)(2) would permit the conviction's admission, it is well-settled that "the 'probative value of a conviction decreases as its age increases.'"  *Twitty v. Ashcroft*, No. 3:04cv410, 2010 WL 1677757, *2 (D. Conn. Apr. 23, 2010) (quoting 4 Weinstein's Federal Evidence, § 609.05[3][d] at 609-41 (2d ed. 2010)).  As such, the probative value of the 2011 conviction is significantly diminished and does not outweigh the potential prejudice of its admission.

Accordingly, the Court precludes Defendants from testifying about or otherwise introducing evidence of Plaintiff's purported 2011 misdemeanor conviction.

Of course, if Plaintiff opens the door on this issue by attempting to bolster his own credibility or raising the issue of his underlying convictions, Defendants will be permitted to cross-examine him on the relevant details of the convictions raised.

### 2. Indemnification

Defendants argue that Plaintiff should be precluded from introducing evidence regarding potential indemnification of Defendants, as such evidence would be irrelevant and prejudicial. *See* Dkt. No. 125 at 7-8.  Plaintiff responds that he "does not intend to introduce evidence of 'indemnification or potential indemnification.'"  Dkt. No. 127 at 5.

The Court agrees that references to potential indemnification, generally, are unduly prejudicial and irrelevant.  *See Nunez v. Diedrick*, No. 14-CV-4182, 2017 WL 4350572, *2

(S.D.N.Y. June 12, 2017) (holding that "the Court, like several other district judges in this Circuit, finds that references to . . . potential indemnification obligations would serve no probative value and potentially cause unwarranted prejudice"); *see also Coleman*, 585 F. Supp. 3d at 217 ("The Court agrees with [d]efendants that, during the upcoming trial, indemnification would not be relevant to any issue before the jury and would run a significant risk of unfairly prejudicing [d]efendants"). However, because Plaintiff contends that he does not intend to introduce evidence of indemnification, the Court denies as moot this aspect of Defendant's motion *in limine*.[6]

### 3. Specific Dollar Amount of Damages

Defendants argue that Plaintiff should be precluded from requesting a specific dollar amount of damages from the jury. *See* Dkt. No. 125 at 8-9. In response, Plaintiff contends that he does not intend to request a specific dollar amount for non-economic damages. *See* Dkt. No. 127 at 7. Accordingly, the Court denies as moot this aspect of Defendants' motion *in limine*.[7]

---

[6] Plaintiff argues, however, that, in the limited circumstance that Defendants introduce evidence that calls into question any Defendant's ability to satisfy a judgment, Plaintiff should not be precluded from introducing evidence of indemnification. *See* Dkt. No. 127 at 5. Should the jury find that Plaintiff is entitled to an award of punitive damages, Plaintiff may be permitted to introduce evidence relating to an indemnification agreement. *See Mathie v. Fries*, 121 F.3d 808, 816 (2d Cir. 1997) ("Although we do not decide the question of whether a fact-finder can rely upon the existence of an indemnity agreement in order to *increase* an award of punitive damages, we rule that a fact-finder can properly consider the existence of such an agreement as obviating the need to determine whether a defendant's limited financial resources justifies some *reduction* in the amount that would otherwise be awarded"). The Court will rule on such an issue, if necessary, at the proper juncture.

[7] Plaintiff asserts that he should not be precluded from the general discussion of damages and provides the example that "Plaintiff should not be precluded from asking jurors hypothetical questions about what appropriate compensation would be if they were similarly situated to Plaintiff—that is, despite not resisting arrest, police officers repeatedly punched and otherwise assaulted them." Dkt. No. 127 at 7. The Court notes that asking the jury to put themselves in Plaintiff's shoes for the purpose of calculating damages is impermissible. *See Marcoux v. Farm Serv. & Supplies, Inc.*, 290 F. Supp. 2d 457, 463 (S.D.N.Y. 2003) ("The well established 'Golden Rule,' also known as the 'bag of gold' rule, prohibits counsel from 'tell[ing] the jurors, either directly or by implication, that they should put themselves in plaintiff's place and render such a verdict as they would wish to receive were they in plaintiff's position.' . . . Its application is

### *4. Acts Not Personally Known to Defendants*

Plaintiff argues that Defendants should be precluded from offering evidence "that was not known to the officers at the time they used force on Plaintiff," including "alleged supporting depositions, affidavits, and photographs that post-date May 15, 2016." Dkt. No. 123-1 at 3-4. Defendants contend that an order precluding any evidence of the circumstances surrounding Plaintiff's arrest would be improper because such evidence is "essential to Defendants' defense that their actions were reasonable." Dkt. No. 126 at 6.

Under Federal Rule of Evidence 602, a fact witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Therefore, to the extent any Defendants wish to testify to matters outside of their personal knowledge, such evidence is inadmissible pursuant to Rule 602.

As to evidence of the surrounding circumstances, such evidence may be presented in admissible form. "'The Fourth Amendment prohibits the use of unreasonable and therefore excessive force by a police officer in the course of effecting an arrest.'" *Moore v. Keller*, 498 F. Supp. 3d 335, 355 (N.D.N.Y. 2020) (quoting *Hulett v. City of Syracuse*, 253 F. Supp. 3d 462, 491 (N.D.N.Y. 2017)). "To succeed on a § 1983 excessive force claim, a plaintiff must show that the defendant's use of force was 'objectively unreasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Id.* (quotation omitted). "'If the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe.'" *Id.* (quotation omitted).

---

limited to damages only . . . . 'Golden Rule' arguments are prohibited because they 'encourage[ ] the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence'") (quotations omitted). Plaintiff's counsel is warned to refrain from such discussion.

In determining whether force was excessive, the inquiry is an objective one that "requires balancing the *Graham* factors, which include (1) the nature and severity of the crime leading to [the] arrest; (2) whether [the Defendant] posed an immediate threat to the officers or others; and (3) whether [the Defendant] was fleeing or actively resisting arrest." *Smith v. Sawyer*, 435 F. Supp. 3d 417, 438 (N.D.N.Y. 2020) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). These considerations are viewed "'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Id.* at 433 (quoting *Jones v. Parmley*, 465 F.3d 46, 61 (2nd Cir. 2006)).

Finally, the "standard of relevance established by the Federal Rules of Evidence is not high." *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985). Rule 401 defines relevant evidence as evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Under Rule 403, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Here, the information provided to Defendants concerning Plaintiff's actions leading to his arrest, particularly his potential possession of a firearm, is relevant to "the nature and severity of the crime leading to [the] arrest" and the determination of "whether [the Defendant] posed an immediate threat to the officers or others." *Smith*, 435 F. Supp. 3d at 438. However, as discussed, Defendants' testimony is limited to the bounds contemplated by Rule 602 and must only be to matters within their personal knowledge.

At this stage, it is premature to exclude Defendants' testimony. *See Leniart v. Bundy*, No. 3:09CV9, 2013 WL 1673025, *3 (D. Conn. Apr. 17, 2013) (reserving on ruling on the issue of admissibility of testimony by witnesses with respect to facts outside of their personal knowledge); *U.S. ex rel. Feldman v. van Gorp*, No. 03 CIV. 8135, 2010 WL 2911606, *9 (S.D.N.Y. July 8, 2010) ("Because personal knowledge 'must be established to the court and jury,' . . . this Court cannot anticipate *in limine* what evidence of [Defendants'] personal knowledge will be adduced at trial") (quotation omitted).  All testimony will be evaluated under the Federal Rules of Evidence at a time when such evaluation can be made.  The Court, therefore, reserves ruling on this issue until it arises at trial, if at all.

### 5.  *Evidence Produced in Redacted Form*

Plaintiff contends that Defendants should be precluded from introducing certain evidence at trial because it was produced in "heavily redacted form," and the introduction of such evidence would be prejudicial.  Dkt. No. 123-1 at 4.  Specifically, Plaintiff argues: (1) that the supporting depositions of Richard Geddis and Jacqueline Harrison should be precluded because Plaintiff did not learn the names of the purported deponents until January 6, 2025, when Defendants submitted their proposed exhibit list, because Defendants did not identify Mr. Geddis or Ms. Harrison on their Rule 26 Initial Disclosure; and (2) documents such as incident reports are so heavily redacted that it is "impossible to identify the purported witnesses and/or the persons interviewed." *Id.*  Defendants respond that the preclusion of this evidence would be inappropriate, as a motion to preclude is untimely, because Plaintiff's counsel was appointed on August 8, 2024 and (1) the Court denied Plaintiff's December 12, 2024, motion to reopen discovery; (2) Plaintiff never requested unredacted copies of the documents; and (3) the documents "have only been redacted to

the extent needed to protect the identities of non-parties." Dkt. No. 126 at 8-9.[8]  Defendants do not deny that neither Mr. Geddis nor Ms. Harrison were identified in their Rule 26 initial disclosures.

Federal Rules of Civil Procedure 26(a) and 26(e) place an initial and ongoing burden on all parties to disclose the identities of individuals and copies or descriptions of documents that they may use to support their claims or defenses.  Rule 37(c)(1) prevents a party who fails to disclose that information without substantial justification from using that evidence at trial unless the failure to disclose is harmless.  *See EMI Music Marketing v. Avatar Records, Inc.,* 334 F. Supp. 2d 442, 445 (S.D.N.Y. 2004).  The rule is designed "to avoid 'surprise' or 'trial by ambush.'" *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (quotation omitted).

The sanction of preclusion under Rule 37(c)(1) is "'automatic' absent a determination of either 'substantial justification' or 'harmlessness.'"  *Id.* (quotation and citations omitted). "Substantial justification means 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'"  *Id.* (quoting *Henrietta D. v. Giuliani*, No. 95 Civ. 0641, 2001 WL 1602114, *5 (E.D.N.Y. Dec. 11, 2001)).  "The test of substantial justification is satisfied 'if there exists a genuine dispute concerning compliance.'"  *Henrietta D.*, 2001 WL 1602114, at *5 (quoting Fed. R. Civ. P. 37(c)(1)).  The burden of proving substantial justification rests with the party which has failed to disclose information.  *See Am. Stock Exch. LLC*, 215 F.R.D. at 93 (citing *Wright v. Aargo Sec. Servs., Inc.*, No. 99 Civ. 9115, 2001 WL 1035139, *2 (S.D.N.Y. Sept. 7, 2001)).

---

[8]  Indeed, the Court noted it its Text Order denying Plaintiff's motion to reopen discovery that "pro bono counsel was appointed to represent Plaintiff on August 8, 2024 . . . .  Yet, counsel waited an additional four months to seek this relief from the Court."  Dkt. No. 102.

Despite the "automatic" nature of Rule 37(c)(1), "the imposition of sanctions under the rule is a matter within the trial court's discretion." *Id.* (quoting *Jockey Int'l, Inc. v. M/V "Leverkusen Express"*, 217 F. Supp. 2d 447, 452 (S.D.N.Y. 2002)). Further, "[p]reclusion of evidence is generally a disfavored action." *Id.* The preclusion of evidence not disclosed in discovery is "a drastic remedy and will apply only in situations where the failure to disclose represents . . . flagrant bad faith and callous disregard of the rules." *Johnson Elec. N. Am., Inc. v. Mabuchi Motor Am. Corp.*, 77 F. Supp. 2d 446, 458 (S.D.N.Y. 1999) (citations omitted).

Here, although Plaintiff claims that Mr. Geddis and Ms. Harrison were not disclosed as witnesses in Defendants' initial disclosure, Plaintiff was provided copies of their supporting depositions during discovery, along with copies of the incident reports he now seeks preclusion of. Plaintiff diligently prosecuted this action prior to the Court appointing pro bono counsel and successfully sought the Court's intervention in prior discovery disputes. *See, e.g.*, Dkt. No. 42. Plaintiff's pro bono counsel never raised the issue of redactions before its motions *in limine*, weeks before trial. The names of Mr. Geddis and Ms. Harrison, who are not listed as trial witnesses, are seemingly irrelevant, as Plaintiff was provided with their supporting depositions that, according to Defendants, were redacted only to protect their private information. Therefore, although Defendants may have been wise to provide the names from the outset of this case to avoid strife on the eve of trial or any appearance of impropriety, such evidence is harmless because Plaintiff had access to the substantive evidence that could be admitted at trial.

Additionally, in general, police incident reports are admissible as a business record under Fed. R. Evid. 803(6) or a public record under Fed. R. Evid. 803(8). *See Greenwald v. Town of Rocky Hill*, No. 3:09CV211, 2011 WL 4915165, *5 (D. Conn. Oct. 17, 2011); *Tokio Marine Mgmt., Inc. v. M/V Zim Tokyo*, No. 91 CIV. 0063, 1993 WL 322869, *9 (S.D.N.Y. Aug. 17,

1993) (collecting cases).  The entries in the police reports "which result from the officer's own observations and knowledge may be admitted but . . . statements made by third persons under no business duty to report may not." *Tokie Marine Mgmt., Inc.*, 1993 WL 322869 at \*9 (quotation, internal quotation marks, and emphasis omitted).  "Statements by third persons recorded within the police incident reports should be considered hearsay within hearsay and therefore must also be subject to an independent hearsay exception to be admissible under Fed. R. Evid. 805." *Greenwald*, 2011 WL 4915165 at \*5.

For these reasons, the Court cannot know, until the issue arises at trial, whether the police incident reports and supporting depositions will be offered in admissible form.  The Court, therefore, reserves on this issue.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Plaintiff's motions *in limine* (Dkt. No. 123) are **GRANTED in part and DENIED in part** as follows:

> **GRANTED** as to the preclusion of Plaintiff's 2014 and 2011 convictions; and
>
> **DENIED with leave to renew** as to the balance of Plaintiff's motions; and the Court further

**ORDERS** that Defendants' motions *in limine* (Dkt. Nos. 115, 125, 129) are **GRANTED in part and DENIED in part** as follows:

> **GRANTED** as to the admissibility of Plaintiff's 2016 and 2022 convictions, for the purpose of impeaching Plaintiff on cross-examination; and

**DENIED with leave to renew** as to the balance of Defendants' motion; and the

Court further

    **ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision

and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 24, 2025
       Albany, New York

Mae A. D'Agostino
U.S. District Judge